IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ALISA J. PITTMAN, individually and as Executrix
of the Estate of John D. Pittman                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 1:02-CV-00235-GHD-JAD

JACKSON NATIONAL LIFE INSURANCE COMPANY                                       DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Plaintiff's motion to alter or amend the Court's Order dismissing the case and reopen the case, or in the alternative, for summary judgment [67]. Upon due consideration, the Court finds this motion is not well taken and should be denied.

This insurance contract dispute commenced in the Chancery Court of Alcorn County and was subsequently removed to this Court on the basis of diversity jurisdiction. Plaintiffs sought a declaratory judgment as to the validity and enforcement of a life insurance policy issued by Defendant in 1992, covering John David Pittman (the "Decedent"). The parties subsequently notified the Court that the action was in the process of being settled; accordingly, the Court entered an Order dismissing the action by reason of settlement [66] on April 18, 2005.

Following the Court's Order of dismissal, another suit commenced in the Chancery Court of Alcorn County between Plaintiff and other parties in which Defendant intervened, *Alisa J. Pittman, Individually and as Executrix of the Estate of John D. Pittman v. Thomas M. Pittman, et al.*, No. 07-0382-02MM. That case concerned, *inter alia*, the rights of the Plaintiff and her two brothers-in-law to the proceeds of the settlement in the case *sub judice*. Plaintiff sought an award of interest on the settlement amount pursuant to Mississippi Code Section 83-7-6.[1] The

---

[1] Mississippi Code Annotated Section 83-7-6 provides in pertinent part:

1

Chancery Court dismissed the complaint in intervention, finding that subject matter jurisdiction regarding interest on these proceeds remained with this Court. Subsequently, the chancery suit settled.

On October 21, 2011, the Plaintiff Alisa J. Pittman (the "Plaintiff") filed the present motion in this Court for the Court to alter or amend its previous Order of dismissal and reopen the action as to the issue of interest to be paid on the sum agreed to be paid in settlement of the claim for death benefits on the life insurance policy covering the Decedent.[2] Plaintiff maintains that the Court's Order of dismissal was not a final judgment, and that the Court may grant summary judgment as to this issue. The Court finds that the Order dismissed the action without prejudice, and only a "bare possibility" remained that the Court might reassume jurisdiction "in the event of some unspecified future contingency"; thus, the Order was a final judgment under Rule 60(b). *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990) (order of dismissal in which district court retained jurisdiction to vacate order and reopen action for cause shown that further litigation was necessary was recognized as final judgment).

---

[1] Mississippi Code Annotated Section 83-7-6 provides in pertinent part:

> (1) Proceeds of a life insurance policy shall become due as of the date of the death of the insured. Each insurer admitted to transact life insurance in this state shall pay interest on proceeds or payments under any policy of life insurance payable to a beneficiary residing in this state or to a beneficiary under a policy issued in this state or to a beneficiary under a policy insuring a person resident in this state at the time of death.
>
> (2) Interest payable under subsection (1) of this section shall be computed from the insured's death until the date of payment and shall be computed at the rate of interest guaranteed by the policy or at the current rate of interest applicable to death proceeds left on deposit with the insurer under an interest settlement option or at the current rate of interest payable on dividends left on deposit with the insurer, whichever is greater.
>
> (3) This section shall be applicable to any such policy where proceeds have not been paid and accepted before May 14, 2004.

[2] The Court notes that the motion was filed without an accompanying brief in violation of the Local Uniform Civil Rules, which provide that counsel for movant must file a memorandum brief in support of a motion at the time that motion is served. *See* L.U. CIV. R. 7(b)(4).

The Court notes that a federal court is a court of limited jurisdiction, possessing only the power given to it by Constitution and statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). However, this Court has expressly retained complete jurisdiction over this action and may reopen the matter "upon cause shown that settlement has not been completed and further litigation is necessary." Order [66]. Such jurisdiction is ancillary and proper under the circumstances present in this matter.

Motions to amend or alter a final judgment or order must be filed pursuant to Rule 59(e) or Rule 60(b). "A motion to alter or amend a judgment [under Rule 59(e)] must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Because Plaintiff's motion was filed more than 28 days after the entry of the Order of dismissal, the motion will be treated as one filed under Rule 60(b).

Motions for relief from a final judgment under subsections (1), (2), and (3) of Rule 60(b) must be brought within one year of the date that the order or judgment becomes final. FED. R. CIV. P. 60(b). In this case, the motion came six years and approximately six months after the entry of the Order in question. Thus, the Court need only consider whether relief is possible under subsections (4), (5), and (6) of Rule 60(b). Rule 60(b)(4), which allows relief from judgments that are "void," does not apply in this case. Rule 60(b)(5) is an avenue for relief from a final judgment if (1) "the judgment has been satisfied, released, or discharged," or (2) "a prior judgment upon which it is based has been reversed or otherwise vacated," or (3) "it is no longer equitable that the judgment should have prospective application." The only one of these clauses that could possibly apply in the case *sub judice* is the third. However, for the third clause to apply, the Order of dismissal must have prospective application, and merely "preclud[ing] relitigation of the issues decided" is "clearly not enough" to constitute prospective application.

3

*See Picco*, 900 F.2d at 851; *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990). The Order in question merely precluded further litigation unless the Court determined on good cause shown that settlement had not been completed and further litigation would be necessary. Thus, Rule 60(b)(5) is not applicable to the instant case. Rule 60(b)(6) allows relief from a final judgment for "any other reason justifying relief," but such relief should be granted "only if extraordinary circumstances are present." *Picco*, 900 F.2d at 851; *Bailey*, 894 F.2d at 160.

Plaintiff argues that the Court should vacate its Order of dismissal and reopen the case to allow Plaintiff to receive interest on the settlement amount from the date the settlement agreement was fully executed on April 15, 2005, or alternatively from the date of the Court's order of dismissal on April 18, 2005, through the date the settlement amount was paid on September 20, 2011. The Court finds that these are not "extraordinary circumstances" that would justify reopening the case under Rule 60(b). However, the Court notes the following.

Plaintiff maintains in her motion that the parties agreed to pay the sum of $250,000 for the life insurance proceeds due under said policy, but that the issue of interest to be paid upon the settlement proceeds was not resolved. Plaintiff maintains that according to the Mississippi Code and related case law, interest continued to accrue for the length of time between the date the case was dismissed for reason of settlement and the date the insurance proceeds were received.

Defendant argues in opposition that, as a matter of law, Plaintiff is not entitled to reopen the case or to recover interest on the settlement funds, and accordingly, that the Court should deny Plaintiff's motion. Defendant makes the following arguments in support of denial of the motion: (1) Plaintiff's claim for interest has been waived under the terms of the parties' written settlement agreement; (2) the motion to reopen was not timely filed; (3) a settling defendant's

liability for interest on settlement funds does not arise until the defendant becomes obligated to pay the funds to the plaintiff, which did not occur in the instant case until Plaintiff provided releases and a written agreement to indemnify Defendant in lieu of obtaining court approval of the settlement, which occurred on September 15, 2011; (4) the applicable statute of limitations bars this action because it was brought more than three years following April 15, 2005; and (5) principles of equity preclude an award of interest.

The settlement agreement entered into by the parties to this action provides that Defendant would pay to Plaintiff the sum of $250,000. Notably, the settlement agreement does not say the sum "together with interest." The settlement agreement further provides in pertinent part:

> In consideration of the cash payment . . . of this Settlement Agreement, the Releasors hereby completely release and forever discharge [Defendant] . . . from any and all past, present[,] or future claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation of any nature whatsoever, whether based on tort or contract, which Alisa Pittman, the Estate of John David Pittman, or either of the referenced trusts now has, or which may hereafter accrue or otherwise be acquired, on account of the insurance policy that is the subject of the Civil Action, including, without limitation, any known or unknown, foreseen or unforeseen damages of any kind, including . . . any and all claims that were or could have been asserted in the Civil Action, including any and all claims for interest . . . . with the exception of the Plaintiffs' claims and/or causes of action for interest from and after April 15, 2005 on the $250,000.00 . . . which claims and/or causes of action are expressly and specifically not released by this Settlement Agreement.

Settlement Agt [71-19] at 2.

Further, "[i]f the Releasors elect to seek an order from the court awarding post-settlement interest, the Releasors will file the appropriate motion or pleading with the court within 30 days of the date this Settlement Agreement is executed by the Releasors. Failure to file such motion

...

or pleading within that time will result in a waiver of any claim for interest from and after April 15, 2005 on the $250,000 settlement amount." *Id.* at 2–3. The Court finds that because Plaintiff's motion to reopen the case was filed on October 21, 2011, more than 30 days after Plaintiff executed the settlement agreement on September 12, 2011, Plaintiff has waived her claim for interest on the settlement proceeds under the settlement agreement.

Also, Defendant correctly states that the proceeds in question are not proceeds based on the terms of the life insurance policy, but are proceeds of the settlement of the lawsuit. Thus, Mississippi Code Section 83-7-6 is not applicable to this action.

For all these reasons, the Court finds that the case should remain closed, as cause has not been shown that settlement is incomplete and further litigation is necessary; Plaintiff's motion to alter or amend the Court's Order dismissing the case and reopen the case, or in the alternative, for summary judgment [67] should be DENIED; and this case should be DISMISSED WITH PREJUDICE.

A separate order in accordance with this opinion shall issue this day.

THIS, the 29th day of August, 2012.

_____
SENIOR JUDGE